**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RODOLFO CUELLAR, JR.,** | : | |
| **Petitioner** | : | |
| | : | **No. 1:19-cv-1598** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **H. QUAY,** | : | |
| **Respondent** | : | |

**MEMORANDUM**

## I.    BACKGROUND

On September 17, 2019, pro se Petitioner Rodolfo Cuellar, Jr. ("Petitioner"), who is

presently incarcerated at the United States Penitentiary Allenwood in White Deer, Pennsylvania

("USP Allenwood"), initiated the above-captioned action by filing a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and a memorandum in support thereof (Doc.

No. 2).  Petitioner also filed a motion for leave to proceed in forma pauperis.  (Doc. No. 3.)  In

an administrative Order dated September 17, 2019, the Court directed Petitioner either to pay the

requisite filing fee or file a completed motion for leave to proceed in forma pauperis within thirty

(30) days.  (Doc. No. 5.)  The Court noted that although Petitioner had filed a motion for leave to

proceed in forma pauperis, he had not used the form used by this Court and had failed to submit

a certified copy of his inmate trust account statement.  (Id.)  On September 23, 2019, Petitioner

paid the requisite filing fee.  Given Petitioner's payment of the filing fee, the Court will deny as

moot his motion for leave to proceed in forma pauperis.  (Doc. No. 3.)

Petitioner challenges the life sentence imposed on him in 1994 by the United States

District Court for the Northern District of Texas after a jury found him guilty of several

controlled substances offenses as well as possession of a firearm during the commission of a

drug trafficking offense.  (Doc. Nos. 1 at 2, 2 at 2); see also United States v. Cuellar, No. 3:94-

cr-62-O-1 (N.D. Tex.). The United States Court of Appeals for the Fifth Circuit "affirmed his conviction, except for the gun possession count, which, on remand, was dismissed on the [G]overnment's motion."[1] See United States v. Cuellar, No. 3:94-cr-62-O-1, 2017 WL 2729108, at *1 (N.D. Tex. June 8, 2017), report and recommendation adopted, 2017 WL 2719352 (N.D. Tex. June 23, 2017). Petitioner thereafter unsuccessfully sought post-conviction relief by filing a motion to vacate pursuant to 28 U.S.C. § 2255, a motion to modify his sentence pursuant to 18 U.S.C. § 3582, and a petition for a writ of audita querula. See Cuellar, 2017 WL 2729108, at *1. In 2016, the United States District Court for the Northern District of Texas granted Petitioner's motion to reduce his sentence pursuant to the 2014 amendments to the drug trafficking Sentencing Guidelines and reduced his sentence from life to forty (40) years of incarceration. See id.

In his § 2241 petition, Petitioner asserts that his life sentence is unconstitutional because he was sentenced above the statutory maximum set forth in 21 U.S.C. § 861.[2] (Doc. No. 1 at 3.) He maintains that his sentence was enhanced even though he had no prior convictions for violating § 861. (Doc. No. 2 at 2.) According to Petitioner, "in order for him to receive a life sentence under this statute he . . . had to have been convicted of violating § 861 on two or three

---

[1] The Court was unable to locate a copy of the Fifth Circuit's opinion regarding Petitioner's direct appeal of his convictions and sentence. It appears, however, that the Fifth Circuit vacated Petitioner's gun possession conviction after the Supreme Court granted Petitioner's petition for a writ of certiorari and remanded the matter to the Fifth Circuit for further consideration in light of Bailey v. United States, 516 U.S. 137 (1995). See Cuellar v. United States, 518 U.S. 1014 (1996). In Bailey, the Supreme Court concluded that "[t]o sustain a conviction under the 'use' prong of [18 U.S.C.] § 924(c)(1), the Government must show that the defendant actively employed the firearm during and in relation to the predicate crime." See Bailey, 516 U.S. at 150. Congress subsequently "reverse[d] Bailey by amending the statute to cover possession as well as use." See Welch v. United States, 136 S. Ct. 1257, 1267 (2016).

[2] Section 861 criminalizes the employment or use of minors in drug trafficking operations. See generally 21 U.S.C. § 861.

prior [occasions], after each has become final." (Id. at 4.)  As relief, Petitioner requests that he

be resentenced.  (Id.)  For the following reasons, the Court will dismiss Petitioner's § 2241

petition without prejudice.

## II.    DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules

Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254

(2004).  The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b).  See, e.g.,

Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part

that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to

notify the petitioner."

It is well settled that a federal criminal defendant's conviction and sentence are subject to

collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255.  See,

e.g., United States v. Addonizio, 442 U.S. 178, 179 (1979).  Indeed, to challenge the validity of a

sentence, a federal prisoner must file a motion to vacate pursuant to § 2255 in the sentencing

court, "a court already familiar with the facts of the case."  See Boumediene v. Bush, 553 U.S.

723, 774-75 (2008); Russell v. Martinez, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a

section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner

to challenge the validity of a conviction or sentence").  Conversely, a federal prisoner may

challenge the execution of his sentence, such as the denial or revocation of parole or the loss of

good-time credits, by filing a petition pursuant to 28 U.S.C. § 2241 in the district court for the

federal judicial district where the prisoner is in custody.  See 28 U.S.C. § 2241(a); Rumsfeld v.

Padilla, 542 U.S. 443-44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  However,

if a petitioner shows "that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,' . . . [he may] resort to § 2241 to challenge the validity of the conviction or sentence." See Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); see also 28 U.S.C. § 2255(e); Litterio v. Parker, 369 F.2d 395, 395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under § 2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (quoting United States ex rel. Leguillou v. Davis, 212 F.3d 681, 684 (3d Cir. 1954)). Specifically, the United States Court of Appeals for the Third Circuit has "applied the safety valve where an intervening and retroactive change in law had decriminalized the petitioner's underlying conduct, but he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive § 2255 motion." See Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citations omitted); In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997)). This "safety-valve" clause is to be strictly construed. See In re Dorsainvil, 119 F.3d at 251; see also Russell, 325 F. App'x at 47 (noting that the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law"). The burden is on the habeas petitioner to demonstrate inadequacy or ineffectiveness. See In re Dorsainvil, 119 F.3d at 251-52; Dusenbery v. Oddo, No. 17-2402, 2018 WL 372164, at *3 (M.D. Pa. Jan. 11, 2018) (citing Application of Galante, 437 F.2d at 1165). "Critically, § 2255 is not inadequate or ineffective

merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements." Long, 611 F. App'x at 55; see Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) (providing that prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective); Litterio, 369 F.2d at 396. "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. See Application of Galante, 437 F.2d at 1165.

As the Third Circuit recognized in In re Dorsainvil, a federal prisoner can pursue relief under § 2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer considered to be criminal conduct so as to avoid a complete miscarriage of justice. See In re Dorsainvil, 119 F.3d at 251; see also Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding § 2241 may not be used to raise an Apprendi v. New Jersey, 530 U.S. 466 (2000) claim that is barred by the procedural limitations imposed by the AEDPA); Brown v. Mendez, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001). "Section 2241 is not available for intervening changes in the sentencing law," such as arguments based on Apprendi. See United States v. Kenney, 391 F. App'x 169, 172 (3d Cir. 2010). Sentencing claims "[do] not fall within the purview of the savings clause." See Adderly v. Zickefoose, 459 F. App'x 73, 75 (3d Cir. 2012); Pearson v. Warden Canaan USP, 685 F. App'x 93, 96 (3d Cir. 2017) ("§ 2241 is not available for an intervening change in the sentencing laws.").

Here, Petitioner challenges his life sentence, claiming that he could not have been sentenced to life for violations of § 861 because he did not have prior convictions that qualified for the enhancement. Petitioner, however, has not met his burden of demonstrating that a motion

under § 2255 is inadequate or ineffective to challenge the legality of his detention. Moreover,

Petitioner's claim is not premised on any intervening change in substantive law that would

negate the criminal nature of his conduct so that his conviction is no longer valid. As noted

above, sentencing claims "[do] not fall within the purview of the savings clause." See Adderly,

459 F. App'x at 75. Therefore, Petitioner may not rely upon § 2241 to raise such claims. See

Kenney, 391 F. App'x at 172; Okereke, 307 F.3d at 120-21. Thus, the Court will dismiss

Petitioner's § 2241 petition for lack of jurisdiction.[3]

## III. CONCLUSION

Based on the foregoing, Petitioner's petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241 (Doc. No. 1) will be dismissed for lack of jurisdiction without prejudice to

Petitioner's right to file a § 2255 motion in the sentencing court, subject to the pre-authorization

requirements set forth in 28 U.S.C. §§ 2244 and 2255(h), as they may apply. Because Petitioner

is not detained because of a process issued by a state court and the petition is not brought

pursuant to § 2255, no action by this Court with respect to a certificate of appealability is

necessary. Petitioner's motion for leave to proceed in forma pauperis (Doc. No. 3) will be

denied as moot given Petitioner's payment of the requisite filing fee. An appropriate Order

follows.

---

[3] Even if this Court had jurisdiction over Petitioner's § 2241 petition, it appears that his petition would be moot. In order "[t]o invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." See Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). As noted supra, Petitioner is no longer serving a term of life imprisonment because his sentence was reduced to forty (40) years in 2016. See Cuellar, 2017 WL 2729108, at *1.